81,429-01

March 16, 2015

TO:     Court of Criminal Appeals of Texas
        P.O. Box 12308, Capital Station
        Austin, TX 78711

FROM:   Dennis Dean Foreman #1690179
        3001 S. Emily Dr.
        Beeville, TX 78102

RE: Unlawful Sentence

Dear Court,
    My name is Dennis Foreman and I am writing in an effort to fix a serious problem regarding my sentence. The problem is: The jury found me guilty of the second degree offense of Aggravated assault and sentenced me to life for a first degree offense. This happened due to the fact that the statute has a wording problem which allows the same offense to fit in either category if the elements are not specifically followed. In this case the jury was given a charge on the "second" degree portion of the Agg.Assault statute (a)(1),(2). Then during sentencing the prosecutor told the jury that the sentencing range was 5-life and I was sentenced to life under the (b)(1) portion. In order to apply the (b)(1) first degree portion the jury must make a "special finding" on the "relationship". In my case the jury was not presented the family and government codes necessary to make the special finding. Because that finding is a specific element to be proved in order to use the (b)(1) portion of Agg. assault it cannot be "assumed" that the relationship specific to this case is found in the family codes required to prove the element. But that is exactly what happened, the jury did not decide the relationship the prosecutor did.
    I filed a heabeas corpus in which I raised four grounds. The first two grounds addressed the subject of this letter. The problem is that I raised the sentencing issue as a fact in support of my grounds and not a ground itself. This clearly was a mistake on my part. The trial court attorney who answered my habeas was not interested in trying to resolve my issues. The goal of the attorney seemed to be to protect the conviction. The trial court attorney intentionally confused the issues and ignored plain error for the sole purpose of deceiving the court by presenting facts in a manner that "appeared" to be legitimate, but ▇▇▇ in fact were a farce and a mockery of the writ process. I now realize that due to the volume of claims presented to the court a judge must "trust" the attorney's findings of fact an conclusions of law and cannot critically review the applicant's claims. The trial court attorney's have taken advantage of this expediting process and resorted to unlawful, unethical and downright deceitful practices to ensure that the conviction remains intact.
    I now ask the court to either re-review grounds 1 and 2 of WR-81,429-01 on it's own initiative. Or, give me permission to raise this single ground as stated in this letter in a subsequent writ application for habeas corpus relief.

                                        Respectfully,

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 18 2015

Abel Acosta, Clerk

                                        _____
                                        Dennis Dean Foreman